**VEDDER PRICE (CA), LLP**
HEATHER M. SAGER (SBN 186556)
hsager@vedderprice.com
CHRISTOPHER A. BRAHAM (SBN 293367)
cbraham@vedderprice.com
275 Battery Street, Suite 2464
San Francisco, California 94111
T: +1 415 749 9500
F: +1 415 749 9502

Attorneys for Plaintiff
OPEN TEXT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OPEN TEXT CORPORATION, a Canadian corporation,

Plaintiff,

v.

NUXEO CORPORATION, a Delaware corporation, and STEVE KING, an individual,

Defendants.

Case No.

**PLAINTIFF OPEN TEXT CORPORATION'S COMPLAINT FOR:**

**1. BREACH OF CONTRACT;**

**2. INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;**

**3. UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 et seq.; and**

**4. UNJUST ENRICHMENT**

**[DEMAND FOR JURY TRIAL]**

Plaintiff Open Text Corporation ("Open Text" or "Plaintiff"), by its attorneys, for its Complaint for Damages against Defendants Steve King ("King") and Nuxeo Corporation ("Nuxeo") (King and Nuxeo collectively known as "Defendants"), hereby alleges the following:

**NATURE OF ACTION**

1. This action involves the systematic raiding of key employees in Open Text's Sales and Solutions consulting groups by Nuxeo, Open Text's direct competitor, in an effort to rob Open Text of its top talent and unfairly compete in the Enterprise Information Management and Digital Asset Management software and solutions industry.

2. King, who is now employed by Nuxeo and serves as its Executive Chairman, at the direction of Nuxeo and in breach of his contractual obligations to Open Text, has been actively soliciting Open Text employees to come work for Nuxeo.

3. Certain former Open Text employees who Nuxeo and King solicited and recruited, also have misappropriated Open Text confidential information and trade secrets and have transferred such information to Nuxeo to use wrongfully and unjustifiably, in competition with Open Text.

4. Nuxeo's and King's wrongful conduct continues undeterred, forcing Open Text to file this instant action to protect its confidential information and other legitimate business interests.

**THE PARTIES**

5. Open Text is a software company specializing in enterprise information management ("EIM") and consulting services, providing EIM technologies, support and business solutions to organizations around the world. Open Text is also a leader in the Digital Asset Management ("DAM") field. Open Text's innovative DAM solutions help clients manage rich media and videos by serving as a centralized, secure and accessible repository (cloud-based on on-premises) to manage digital media, branding and video. Open Text is a Canadian corporation with its principal place of business in Waterloo, Ontario, Canada.

6. Nuxeo is a software company specializing in the provision of enterprise content management ("ECM") platforms and solutions for organizations around the world. Nuxeo is a

direct competitor of Open Text. Nuxeo is a Delaware corporation with its principal place of business in Brooklyn, New York.

7. King is employed by Nuxeo and serves as its Executive Chairman. King previously served as President and CEO of Recommind, Inc. ("Recommind"), an Open Text-affiliated entity, from September 2015 until July 20, 2016, and having served in other capacities with Recommind for several years prior. King is a resident of Pleasanton, California. At all relevant times, King performed work for Recommind in the City of San Francisco.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because Open Text, Nuxeo and King are citizens of different states and the matter in controversy exceeds the sum of $75,000.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Open Text's claims occurred within this judicial district.

## FACTUAL BACKGROUND

### OPEN TEXT'S BUSINESS

10. Open Text is a global software company specializing in EIM products and services, providing EIM technologies, support and business solutions to organizations all over the world. Open Text provides a comprehensive platform and suite of software products and services that assist organizations in finding, utilizing and sharing business information from any device in ways that are intuitive, efficient and productive.

11. Since its founding in 1994 and the creation of its first search engine, Open Text has grown to be one of the global leaders in technology solutions, content management, digital assets management, analytics, discovery and business process management. With the inception of the digital age, one of the biggest problems facing enterprises today is the explosive growth of information volume, collection, formatting, storage and retrieval. Open Text offers solutions to help its customers manage the increasing amount of electronically stored information for which they are responsible.

12. Open Text's solutions help to improve customer satisfaction and digital

experience, gain analytical insight, improve collaboration with business partners, address the legal and business requirements associated with information governance, and help to ensure that information remains secure and private, as demanded in today's highly regulated climate.

## OPEN TEXT'S EMPLOYMENT OF KING

13. On or about May 17, 2010, King signed a Proprietary Information and Inventions Agreement with Recommind ("PIIA") through which King agreed to protect the proprietary information of Recommind and through which King agreed to certain post-employment employee and customer non-solicitation obligations. A true and correct copy of the PIIA is attached hereto as **Exhibit 1** and incorporated herein by reference.

14. Specifically, the PIIA prohibits King for one year after the date of termination of his service to Recommind, from inducing or soliciting any employee of Recommind to leave the employ of Recommind or to be employed by a competitor of Recommind. (PIIA, Exhibit 1, ¶ 7.)

15. On or about September 2015, Recommind promoted King to serve as its President and CEO. In or around July 2016, Open Text acquired Recommind.

16. In connection with the sale to Open Text of certain of his ownership interests in Recommind, King entered into a Confidentiality, Non-Compete and Non-Solicitation Agreement dated June 1, 2016 containing express obligations on King to protect the proprietary information of Open Text as well as certain obligations that extend after the closing date of Open Text's acquisition of Recommind.

17. As part of its acquisition of Recommind, Open Text purchased, and Recommind assigned to Open Text, all of Recommind's assets and existing contracts and all rights and obligations related thereto, including the PIIA.

18. During the course of employment with Recommind and Open Text, King, as the President and CEO of Recommind, had access to highly sensitive and valuable confidential and proprietary information. (*See*, Ex. 1 ¶¶ 1, 8.)

19. On July 20, 2016, Open Text decided to terminate King's employment for legitimate business reasons that arose out of its acquisition of Recommind.

///

### KING'S EMPLOYMENT WITH NUXEO

20. Nuxeo is a software company specializing in the provision of ECM platforms and solutions for organizations around the world. Nuxeo is a direct competitor of Open Text.

21. Nuxeo markets itself as helping enterprise organizations to transform data into highly valuable digital assets. Specifically, Nuxeo states that it has a flexible data model that can help organizations transform their data into highly valuable assets, with unlimited attributes and no restrictions on type or size of complex objects.

22. Nuxeo's software platforms directly compete with the products and services offered by Open Text, including its Media Manager and Content Server platforms.

23. In or around August 2016, Nuxeo hired King. On September 7, 2016, it was announced that King would serve on Nuxeo's Board of Directors as the Executive Chairman.

### KING'S WRONGFUL INTERFERENCE AND SOLICITATION OF OPEN TEXT EMPLOYEES

24. Shortly after Nuxeo hired King, Nuxeo has engaged in the systematic solicitation and raiding of Open Text's high level sales executives and Solutions consultants.

25. In furtherance of its strategy to poach all of Open Text's "A players," key strategic partners and customers, Nuxeo is using and directing the former Open Text's employees that it has already hired to actively interfere with Open Text's key relationships.

26. Specifically, upon information and belief, Nuxeo has been using King as a conduit to poach Open Text's employees despite King's contractual promises not to engage in such conduct. Open Text is informed and believes that King has solicited and continues to solicit Open Text's employees who possess knowledge and expertise that would be beneficial to Nuxeo.

27. Beginning in approximately September 2016, Nuxeo, indirectly through King, began aggressively and systematically soliciting and raiding Open Text's key sales executive and solutions consultants. Since that time, Nuxeo has hired away eight key Open Text employees, many of whom focused on Open Text's digital asset management solutions.

28. For example, Matt Corodimas ("Corodimas"), resigned from Open Text in early January 2017 to work for Nuxeo. Corodimas and Nuxeo began recruiting several additional Open Text executives.

29. On March 20, 2017, Steven Grimes, Open Text's former Vice-President, Solutions Consulting, Americas ("Grimes") delivered his letter of resignation informing Open Text that his last day of employment would be on March 31, 2017. Immediately thereafter, Grimes began his employment with Nuxeo.

30. Similarly, on or about March 17, 2017, one of Open Text's former Senior Account Executives, Selim Hakimi ("Hakimi"), delivered his letter of resignation informing Open Text that he was taking some time off to take care for his ailing father. However, on March 27, 2017, Open Text learned that Hakimi had already begun his employment with Nuxeo.

31. Nuxeo has used these and other former employees to recruit additional key Open Text employees, in violation of the former employees' non-solicitation obligations to Open Text.

## NUXEO'S WRONGFUL USE OF OPEN TEXT'S CONFIDENTIAL INFORMATION

32. Open Text has learned that before he resigned from Open Text, former Open Text employee Grimes misappropriated thousands of files containing Open Text confidential and proprietary information. Grimes transferred this information to his Nuxeo laptop computer, and Open Text believes Nuxeo has used this information to compete with Open Text for business.

33. The confidential and proprietary information that Grimes brazenly stole was done with the intention of using such information in the context of competition with Open Text, including but not limited to Grimes's new employer, Nuxeo who, as a direct competitor of Open Text, would greatly benefit from Open Text's resources it took years to build. Open Text is informed and believes that Nuxeo instructed Grimes to steal Open Text's confidential and proprietary information.

34. Open Text is informed and believes that Nuxeo has used Open Text's confidential and proprietary information to obtain business with an international hotel chain ("Client 1") and a manufacturer of food and meat products ("Client 2").

35. Open Text is informed and believes that Nuxeo is aggressively soliciting other Open Text customers and partners, including a California-based multinational mass media and entertainment conglomerate, using Open Text's confidential information and trade secrets.

///

**<u>FIRST CAUSE OF ACTION</u>**
**(Breach of Contract)**
**(Against Defendant King)**

36. Open Text hereby realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

37. King entered into a valid and legally enforceable PIIA with Open Text.

38. The non-solicitation provision of the PIIA is reasonable in scope and is reasonably necessary to protect Open Text's legitimate interest in maintaining the stability of its workforce. Such provisions also are intended to prevent former employees from targeting key employees of his former employer in an improper and anti-competitive manner.

39. In exchange for his commitment to be bound by the contractual obligations set forth in the PIIA, King received adequate and sufficient consideration, including continued employment with Recommind and equity in Recommind.

40. The conduct set forth in paragraphs 24 through 30 herein, which describes Nuxeo's solicitation and raiding of key Open Text employees through King, constitute breaches of King's PIIA.

41. The foregoing breaches and continuing breaches have directly and proximately caused and will continue to cause Open Text severe, immediate and irreparable harm, and damages in amount according to proof at the time of trial.

**<u>SECOND CAUSE OF ACTION</u>**
**(Intentional Interference with Contractual Relations)**
**(Against Defendants King and Nuxeo)**

42. Open Text hereby realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

43. Open Text entered into valid and existing employment agreements with Open Text's employees.

44. At all relevant times, Nuxeo and King, having been a former Open Text employee and Nuxeo having knowledge of that fact, were aware and had knowledge of the agreements between Open Text and Open Text's employees.

45. Defendants knowingly, intentionally and without privilege, justification or excuse participated in improper conduct as detailed herein, including but not limited to soliciting Open Text's employees in a manner detrimental to the interests of Open Text, and using Open Text's confidential information that was misappropriated by former Open Text employees to compete with Open Text. Such conduct was done with the intention to induce a breach or disruption of the contractual relationship between Open Text and Open Text's employees and/or Defendants knew that a breach or disruption of the contractual relationship was certain or substantially certain to occur.

46. Defendants' tortious interference caused disruption, prevented performance and/or otherwise made performance of the contractual relationship between Open Text and Open Text's employees more expensive and/or difficult.

47. Defendants' conduct is outside the scope of mere competition, and as a direct and proximate result of Defendants' tortious interference, Open Text has sustained and, unless restrained and enjoined, will continue to sustain severe, immediate and irreparable harm, damage and injury, which entitles Open Text to injunctive relief, restitution, disgorgement and/or damages.

48. Defendants' tortious interference was wanton, willful, oppressive, fraudulent and/or malicious. The conduct complained of was undertaken by Defendants with the intent to cause substantial injury to Open Text and/or was despicable conduct carried out by Defendants in willful and conscious disregard of Open Text's rights.

## THIRD CAUSE OF ACTION
**(Unfair Competition under Cal. Bus. & Prof. Code § 17200 *et seq.* and the Common Law)**
**(Against Defendants King and Nuxeo)**

49. Open Text hereby realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

50. Defendants' conduct, as alleged herein, constitutes unlawful, unfair acts and/or deceptive business practices and unfair competition in violation of California Business & Professions Code § 17200 *et seq.*

51. Defendants engaged in such conduct without privilege, justification or excuse.

52. Defendants' conduct, as alleged herein, is unlawful because it constitutes the breach of valid contractual agreements.

53. Defendants engaged in the conduct alleged herein to, among other things, undermine Open Text's ability to conduct its business and service its clients' needs in order to better position themselves to improperly solicit Open Text's clients and to otherwise unfairly compete with Open Text. In addition, Defendants engaged in the foregoing misconduct with an intent to harm the reputation and economic value of Open Text.

54. The foregoing misconduct constitutes unlawful, unfair and deceptive business practices and unfair competition in violation of California Business & Professions Code § 17200 *et seq.*, and as a direct and proximate result of such unlawful, unfair and deceptive business practices and unfair competition, Open Text has sustained and, unless restrained and enjoined, will continue to sustain severe, immediate and irreparable harm, damage and injury, which entitles Open Text to injunctive relief, restitution, disgorgement and/or damages, and such other relief permitted under California Business & Professions Code § 17200 *et seq.*

55. As a further direct and proximate result of Defendants' unlawful, unfair and deceptive business practices and unfair competition, Defendants have been unjustly enriched and, unless restrained and enjoined, will continue to be unjustly enriched by, among other things, improperly using Open Text's confidential and proprietary information, and unfairly competing and deriving economic benefit therefrom at the expense of Open Text.

///

///

///

///

///

///

///

///

## FOURTH CAUSE OF ACTION
**(Unjust Enrichment)**
**(Against Defendant King and Nuxeo)**

56. Open Text hereby realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

57. As alleged above, Defendants received benefits from Open Text under circumstances making it unjust for Defendants to retain such benefits. These benefits include, but are not limited to, the business opportunities of Open Text unjustly usurped and diverted by Defendants. The reasonable value of these benefits must be disgorged from Defendants.

## PRAYER FOR RELIEF
**(All Claims)**

WHEREFORE, Open Text respectfully requests the Court to enter judgment in its favor on all Causes of Action and award Open Text the following relief:

A. The issuance of a preliminary, permanent and/or mandatory injunction:

1. prohibiting Defendants, and all other persons or entities acting in concert with or on behalf of them, from directly or indirectly disclosing or using Open Text's confidential and proprietary information wrongfully obtained;

2. prohibiting Defendants from using confidential and proprietary information to run or close any pending transactions with Clients 1 and 2;

3. ordering Defendants, and all other persons or entities acting in concert with or on behalf of him, to preserve and return to Open Text all electronic files, hard-copy documents, including copies thereof, and other material and property belonging to Open Text in his possession, custody and/or control; and

4. prohibiting Defendants from soliciting Open Text employees until further order of Court.

B. Compensatory, consequential, incidental, punitive and/or special damages, in an amount to be determined at trial and in an amount sufficient to have a deterrent effect on Defendants;

C. Restitution, disgorgement and/or damages as are permitted by law and under California Business & Professions Code §17200 *et seq.*;

D. Compensation for unjust enrichment pursuant;

E. Exemplary damages pursuant to Section 3294(a) of the California Civil Code;

F. Pre-judgment and post-judgment interest;

G. Costs of suit incurred herein, including reasonable attorney's fees and expenses; and

H. Such other and further relief as the Court deems just and proper.

Open Text hereby demands a trial by jury.

Dated: June 6, 2017

VEDDER PRICE (CA), LLP

By: /s/Heather M. Sager
Heather M. Sager
Christopher A. Braham

Attorneys for Plaintiff
OPEN TEXT CORPORATION